UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | |
|---|---|
| TINA SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:03-33-JMH |
| ) | |
| and ) | |
| ) | |
| KEMI (Kentucky Employers' ) | **MEMORANDUM OPINION & ORDER** |
| Mutual Insurance), ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH AMERICAN STAINLESS ) | |
| LIMITED PARTNERSHIP and SMS ) | |
| DEMAG, INC., ) | |
| ) | |
| Defendants and Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ARTISAN MECHANICAL, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on two separate motions. Third-party Defendant Artisan Mechanical, Inc. ("Artisan") has moved to dismiss the third-party complaints brought against it by Defendant North American Stainless Limited Partnership ("NAS") [Record No. 119] and Defendant SMS Demag, Inc. ("Demag") [Record No. 120]. NAS and Demag have responded to both motions [Record Nos. 123 & 124, respectively], to which Artisan has filed a reply

[Record No. 128]. This matter is now ripe for review.[1]

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. Thus, under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed. R. Civ. P. 8(a); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (holding that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). Although a court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations, *see Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000), a court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). To survive a Rule 12(b)(6) motion, "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Scheid*

---

[1] The facts surrounding this case have been thoroughly recited in both this Court's previous Memorandum Opinion and Order, *Smith v. N. Am. Stainless, LP*, 2004 WL 746258 (E.D. Ky. Feb. 27, 2004) and the United States Court of Appeals for the Sixth Circuit's review of that decision, *Smith v. N. Am. Stainless, LP*, 158 Fed. Appx. 699 (6th Cir. 2005). Thus, a factual synopsis is not necessary in this order.

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## Analysis

**Common Law Claims for Indemnity**

Artisan argues that Demag's and NAS's third-party complaints fail to state a claim upon which relief may be granted, and therefore must be dismissed, because Artisan's liability under Kentucky's Workers' Compensation Act (the "WCA") is exclusive and it cannot be held liable for any of Smith's damages. Artisan submits that Demag's and NAS's goals to have the jury apportion fault to Artisan have been satisfied by their filing of the third-party complaints and that their right to seek apportionment will remain after the Court dismisses the third-party complaints.

The Court confronted this issue in *Smith v. Leveelift, Inc.*, No. Civ. A. 3:04-02-JMH, 2005 WL 2219291, at *4 (E.D. Ky. Sept. 13, 2005) and held that the third-party plaintiffs' claims for indemnity and apportionment, but not contribution, survived the third-party defendant employer's motion to dismiss. *See Dix & Assocs. Pipeline Contractors, Inc.*, 799 S.W.2d 24, 30 (Ky. 1990) (discussing an employee's suit in which his employer is a third-party defendant and concluding that the jury shall apportion liability between the third-party and the employer and the third-party "will not have any claim for contribution against the

employer"). As noted in *Union Carbide Corp. v. Sweco, Inc.*, 610 S.W.2d 932 (Ky. Ct. App. 1980), although "an employer's liability to a third party indemnitee is limited to the amount paid under the Workers' Compensation Act," a third-party plaintiff can maintain a claim for indemnity against an employer. *Id.* at 934; *see also Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005) ("Kentucky law does permit common law indemnity claims against employers notwithstanding the state's adoption of comparative fault and the exclusive remedy provisions of the [Workers' Compensation] Act." (citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000)).

**Contractual Claim for Indemnity**

In addition to its common law indemnity claim, Demag alleges that Artisan agreed to indemnify it through an indemnification agreement in a June 25, 2002, purchase order. The purchase order includes the following language:

> 18. Indemnity. Seller hereby agrees to indemnify Buyer for any loss, expense, recovery or settlement, including attorney fees and costs of defense which arise from any demand, claim, or suit which may be asserted or brought against Seller or Buyer as a result of any damage to any person or persons (including death) or property allegedly caused by, resulting from, arising out of, or occurring in connection with the furnishing of any goods or services or the performance or preparation for performance of any of the work or any duties of Seller hereunder, or incidental to or appertaining thereto and whether or not such injury is due to or chargeable to any negligence of Buyer, Owner, or any contractor under a contract from which the goods or services here ordered

4

>    are required, or the negligence of any employee of Buyer,
>    Owner or aforesaid contractor . . . .

(Ex. A to Demag's Third-Party Compl. 3.)  Artisan argues that the agreement, by requiring it to indemnify Demag, essentially forces it to waive its subrogation rights, and under KRS § 342.700(3), this is prohibited.  This section states that "[i]t shall be considered to be contrary to public policy and unlawful for any owner or employer to require another employer to waive its remedies granted by this section as a condition of receiving a contract or purchase order."  KRS § 342.700(3).  Artisan also contends that it did not sign the purchase order; therefore, the statute of frauds prohibits enforcement of an agreement in which Artisan purportedly agreed to answer for the debt of Demag.  *See* KRS § 371.010(4).

Demag relies on KRS § 342.690(1), which allows the third party and the employer to share liability in a manner different than that contemplated by the WCA.  Section 342.690(1) provides, in part:

>    The liability of an employer to another person who may be
>    liable for or who has paid damages on account of injury
>    or death of an employee of such employer arising out of
>    and in the course of employment and caused by a breach of
>    any duty or obligation owed by such employer to such
>    other shall be limited to the amount of compensation and
>    other benefits for which such employer is liable under
>    this chapter on account of such injury or death, *unless
>    such other and the employer by written contract have
>    agreed to share liability in a different manner*.

KRS § 342.690(1) (emphasis added).  Demag cites to *Capps v. Herman Schwabe, Inc.*, 628 F. Supp. 1353 (W.D. Ky. 1986) for the

5

proposition that Section 342.690(1) allows Demag and Artisan to enter into the indemnification agreement. In *Thompson v. The Budd Co.*, 199 F.3d 799 (6th Cir. 1999), a case in which a defendant plant owner brought a contractual indemnity claim against an employer after its employee was injured while working at the plant, the court held that Kentucky law allowed for the employer and the plant owner to contractually provide for indemnification. *Id.* at 807. Having reviewed the agreement, the Court is not persuaded by Artisan's argument that this agreement requires Artisan to waive its subrogation rights.[2]

Because Artisan has raised the statute of frauds in its motion to dismiss, Demag must establish the existence of an appropriate writing or an exception to this defense in order to avoid dismissal by this Court. *See Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002). Demag argues that Artisan agreed to indemnify Demag as consideration for being awarded the contract, which takes the purchase order outside of the statute of frauds. *See Thompson*, 199 F.3d at 809 (finding that, under Kentucky law, "'if one promises to pay the debt of another in order to further some purpose of his

---

[2] In its reply, Artisan claims that Demag has not specifically stated that the decedent's death was "caused by a breach of any duty or obligation owed by such employer to such other." KRS § 342.690(1). It is clear that Artisan, as the decedent's employer, owed a duty of due care to the decedent and that same duty is imputed to Artisan with respect to Demag. Demag's failure to describe the breach of that duty in its complaint does not subject its complaint to dismissal for failure to state a claim.

own, . . . such promise is not within' section 371.010(4)" (quoting *Barnett v. Stewart Lumber Co.*, 547 S.W.2d 788, 790 (Ky. Ct. App. 1977))). Demag states that Artisan had been working for approximately one month pursuant to this purchase order before the accident; therefore, under the terms of the purchase order, Artisan had accepted the order "by substantial commencement of performance." (Ex. A to Demag's Third-Party Compl. 3.) At this time, the Court cannot dismiss Demag's contractual indemnity claim against Artisan based on the purchase order because Demag has alleged facts sufficient to support its claim that the agreement is not within the statute of frauds.

Accordingly, **IT IS ORDERED** herein as follows:

(1) That Artisan's motion to dismiss NAS's third-party complaint [Record No. 119] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(2) That Artisan's motion to dismiss be, and the same hereby is, **GRANTED** as to NAS's claim for contribution;

(3) That Artisan's motion to dismiss be, and the same hereby is, **DENIED** as to NAS's claim for common law indemnity and apportionment;

(4) That Artisan's motion to dismiss Demag's third-party complaint [Record No. 120] be, and the same hereby is, **GRANTED IN PART AND DENIED IN PART**;

(5) That Artisan's motion to dismiss be, and the same hereby is, **GRANTED** as to Demag's claim for contribution; and

(6) That Artisan's motion to dismiss be, and the same hereby is, **DENIED** as to Demag's claim for common law indemnity, contractual indemnity, and apportionment.

This the 23rd day of February, 2007.



Signed By:

*Joseph M. Hood*

United States District Judge